RUSH et al. v. BAILEY. (Circuit Court of Appeals, Fifth Circuit. January 13, 1903.) No. 1,203. Appeal from the Circuit Court of the United States for the Northern District of Mississippi. W. V. Sullivan and Murray F. Smith, for appellants. R. T. Fant and W. A. Percy, for appellee. Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The Tate County Bank, by reason of having surrendered the delta lands in Mississippi and other property in Georgia, is not entitled to any part of the fund paid in by Eason in compromise of demands against Eason, Watkins & Co., because the record shows that the debt of Eason, Watkins & Co. to the Tate County Bank was paid in full, irrespective of the mortgaged property, and that, while the foreclosures of the deed of trust may have been regular in form, the proceeds of such foreclosures were not credited upon the debts or in any wise treated by the bank as payments, and the bank is not entitled to have its debt paid in full and still retain the mortgaged property. About March 6, 1896, Eason, besides paying the amount due the bank on the indebtedness above mentioned, also paid to Rush, attorney, and for the benefit of Day & Bailey, the sum of $4,500, which sum was deposited in the Tate County Bank and has since remained there on deposit subject to call. The evidence does not show that there was any agreement on the part of the bank to pay interest on this deposit, nor that since the de-

posit the bank has specifically loaned or otherwise used the money for particular profit. It seems, therefore, that the bank should only be held for the $4,500. By the original compromise authorized by Day & Bailey a sum of $5,000 was to be paid for their account, on which Rush, attorney, was to have a fee of not exceeding 10 per cent. On account of the failure of Watkins to pay. the sum of $500, to be advanced under the terms agreed upon, the compromise covering all Eason, Watkins & Co.'s interests failed, and under a new arrangement Eason, instead of paying in $5,000 for the account of Day & Bailey, in fact, and with the consent of Rush, only paid in the sum of $4,500; and, so far as this record shows, all the funds actually received by Rush, attorney, for Day & Bailey, amounted to the sum of $4,500. It is true that he afterwards refused a tender from Watkins of $500, but this was so far proper under the facts of the case that Rush ought not to be charged therewith. The fact that he concealed the compromise as actually made from his principals, as well as the payment of the sums recovered, connected with his other conduct in the premises, deprives Rush of any right to a fee for his services and entitles his principals to recover the full amount collected by him. While there is no evidence that Rush used the money or was in any wise particularly advantaged by the same, under the facts disclosed he should pay interest, because of his unfaithful conduct as a trustee in the premises, and because through his conduct the fund has been unproductive. The legal rate of interest in the state of Mississippi is 6 per cent. per annum, but a maximum rate of 10 per cent. is allowed by convention. Rush not having used the fund, and the evidence showing no agreement to pay interest, the legal rate is all that should be charged. For these reasons, the decree of the circuit court is reversed, and it is adjudged and decreed that the Tate County Bank and Phil A. Rush in solido do pay to John W. Bailey, surviving partner, the sum of $4,500, and, further, that the said Phil A. Rush do pay to said Bailey the additional sum of $1,850.25, the interest on $4,500 from March 6, 1896, to January 13, 1903, at 6 per cent. per annum, and that from and after this day above judgment shall bear 6 per cent. interest until paid. And it appearing that costs have been made in this court on certiorari and hearings thereon, and considering the general character of the case, it is further decreed that the costs of this court, including the cost of the transcripts, be divided between the appellants and the appellee, each to pay one-half, and that the costs of the circuit court be paid by Phil A. Rush. Execution may issue from the circuit court to enforce this decree for principal, interest, and all costs.